# Lea, Appellant, v. Jones.

*Party walls—Cost of wall—Right of action—Acts of February* 24, 1721, *and April* 10, 1849, *sec.* 4. P. L. 500.

The purpose of the Act of April 10, 1849, sec. 4, P. L. 500, relating to party walls, was, first, to make the right to compensation pass with the land, unless reserved until the wall is used; and, second, to vest in the owner at the time of such use the right to compensation. Where such right of compensation has actually vested in an owner, the right does not pass from the owner by his subsequent conveyance of the property, even though there is no reservation of this right.

Argued Oct. 9, 1903. Appeal, No. 20, Oct. T., 1903, by plaintiff, from judgment of C. P. No. 5, Phila. Co., Sept. T., 1901, No.   on verdict for defendant in case of Henry C. Lea v. Mary H. Jones. Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ.   Reversed.

Assumpsit for cost of moiety of a party wall.

The court gave binding instructions for defendant.

Verdict and judgment for defendant.

On a motion for a new trial the court filed the following opinion:

We shall assume that the wall in question between 1217 and 1219 Market street is a party wall. Lea, the plaintiff, owned 1219 and 1221 Market street. Mrs. Jones, one of the defendants, owned 1217 Market street. In 1901 Mrs. Jones tore down her building and erected a larger one, using the party wall which Lea had built. Lea brought suit against her and her husband on October 4, 1901. On October 31, 1901, Lea contracted to sell his property to Felix Isman, reserving his claim for damages in the suit brought against Jones. This contract was not recorded. On November 30, 1901, Lea conveyed to Isman without any reservation expressed in the deed.

On January 6, 1902, Isman conveyed the premises to Joshua R. Jones without reservation or notice of the reservation in the contract of sale of October 31, 1901. The question to be decided is whether the right to recover compensation for the use of the wall passed to Jones or whether it remains in Lea.

The Act of April 10, 1849, sec. 4, provides that "in all conveyances of houses and buildings the right to and compensation for the party wall built therewith shall be taken to have passed to the purchaser unless otherwise expressed, and the owner of the house for the time being shall have all the remedies in respect to such party wall as he might have in relation to the house to which it is attached."

This statute makes the party wall an interest in the realty, which passes to a grantee of the land. The fact that suit had been brought against Jones's wife, in which he was made a party, and therefore knew of Lea's claim, does not alter his rights ; he bought all of Lea's interest in 1219 Market street, without any reservation, and he thereby became the owner of the party wall and the right to compensation for its use.

Rule absolute.

*Error assigned* was in giving binding instructions for defendant.

*A. T. Freedly*, for appellant.—In other words the act of 1849 specifically provides that the owner for the time being is the party entitled to use. And the "time being" refers to the time at which the wall was used. When a wall is used, and when an action is brought therefor, there is no further right to compensation connected with the wall for the injury sued for which would pass by any deed. In the present case the wall was used in July, 1901, and the action brought on October 4, 1901. The damages were complete at the date of the action brought. No subsequent purchaser of the property could recover anything, because he was not the party damaged and bought with notice of the condition of the wall. The act of 1849 by its language and intention simply invests the purchaser with the right to the cost of the wall if after the conveyance any future use is made of it during his ownership.

*Joseph W. Shannon*, with him *Hector T. Fenton*, for appellee.

Opinion by Smith, J., November 16, 1903:

As the charge was a bare instruction to the jury, " as matter of law, to find a verdict for the defendant," and neither party presented any points, there is no record of the ground on which the verdict was directed, nor, beyond the pleading, any record of the ground on which recovery was sought, or on which defense was made. From the opinion of the trial judge on a motion for new trial, it appears that the defendant, in constructing a building in 1901, used the party wall previously erected by the plaintiff, and that the plaintiff's right of action was contested on the ground that the plaintiff subsequently conveyed his building, without reservation as to the wall, and that his grantee conveyed to the defendant. As stated in the appellant's paper-book, the question involved is " whether right of action ceases if plaintiff transfers real estate after action commenced and damage done."

Under the act of February 24, 1721, the legal title to compensation for the use of a party wall, by an adjoining owner, remained in the builder of the wall through all subsequent changes of ownership. To remedy the evil of leaving the right of action in the builder, while the damage was sustained by a subsequent owner, the Act of April 10, 1849, section 4, P. L. 600, provided as follows: "In all conveyances of houses and buildings, the right to, and compensation for, the party wall built therewith, shall be taken to have passed to the purchaser, unless otherwise expressed; and the owner of the house for the time being shall have all the remedies with respect to such party wall as he might have in relation to the house to which it is attached."

The obvious intent of this act is to give the right of compensation to the person who is injured. The injury arises from the use of the wall in the construction of an adjoining building. By " the owner of the house for the time being," must be understood the owner when the wall is thus used. Until such use there is no injury. Upon such use the injury is complete, and a right of action accrues to the person injured; the right which ran with the land is converted into a right to immediate compensation. One purchasing after the use is complete is not injured by it, and therefore has no claim to compensation. To extend the right beyond the ownership at the time of the use

would lead to confusion and uncertainty. The land might pass through many hands without suit brought for compensation, and all the successive owners might with equal right lay claim, since, if the continuing use of the wall is an injury, they are alike injured. When land is subjected to a public use through an exercise of the right of eminent domain, the owner at the time of such exercise, and not his vendee, is entitled to compensation. A purchaser of land has no right of action for an injury done to it before his purchase. It was not the design of the act of 1849 to give such a right to the purchaser of a party wall. The evident purpose of the statute is, first, to make the right to compensation pass with the land, unless reserved, until the wall is used; and, next, to vest in the owner at the time of such use the right to compensation.

In the case in hand, the wall was used in the erection of the adjoining building, and the amount payable therefor was legally ascertained, prior to the commencement of suit, October 4, 1901. At that time the plaintiff's right of action was fixed, His deed, November 30, 1901, conveyed the property as it then stood. The injury arising from the use of the wall had for several weeks been complete, and the use of the wall thereafter was not an injury for which his successors in title were entitled to compensation. Not only was this use in full view at the date of the deed, but in the contract of sale, made October 30, 1901, the plaintiff expressly reserved any damages that might be awarded him in the pending suit. This reservation was not introduced in the deed; but it was unnecessary, since a right to damages, accruing prior to its execution, would not pass by the conveyance.

The only case with any bearing on the question before us is Voight v. Wallace, 179 Pa. 520. Voight, having built a party wall, sold to Wallace, who afterward acquired the adjoining lot, and used the wall in the erection of a building thereon. In a suit by Voight to recover compensation for such use, it was held that Voight's right to payment for the wall, when it should be used, passed by his conveyance to Wallace. The use of the wall as the ground of compensation, and the right of the owner, at the time of such use, to claim the compensation are thus recognized.

Judgment reversed and venire de novo awarded.