# Pennsylvania Company, etc., *v.* Odd Fellows, Appellant.

*Building laws—Party wall—Use of wall—Steel frame building—Act of February 24, 1721, 1 Sm. L. 124.*

In a proceeding under the Act of February 24, 1721, 2 Sm. L. 124, to ascertain an amount due for the alleged use of a party wall, where the defendants admit that they had erected a steel frame building, but deny that they had broken into the party wall, the plaintiff is entitled to offer in evidence the plans and specifications of the defendant's building, in order to show how the defendants in erecting their building, had dealt with the party wall; and the plaintiff may also show by oral proof that the defendants had actually broken into the party wall, recessing therein the steel columns of the new building and supporting therein at least one of the steel beams; and this is the case although the old wall may not have actually carried any of the weight of the new building, but merely served as a protection to the steel frame against atmospheric changes and fire.

Argued Dec. 13, 1911. Appeal, No. 219, Oct. T., 1910, by defendants, from judgment of C. P. No. 5, Phila. Co., Sept. T., 1908, No. 408, on verdict for plaintiff in case of Pennsylvania Company for Insurance on Lives and

Granting Annuities, Trustee under the will of Maria Carlton, deceased, v. The Subcommittee of Management of the Grand United Order of Odd Fellows in America. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ.   Affirmed.

Assumpsit for use of party wall.   Before MARTIN, P. J.

At the trial the court admitted under objection and exception on the part of the defendants the plans and specifications in accordance with which the steel frame buildings of the defendants had been erected.

The court charged in part as follows:

[In connection with the verbal testimony, including, of course, the depositions which were read to you, the plans are in evidence and you may look at these plans and consider them in connection with the testimony, in arriving at your conclusion as to whether or not the defendants used the wall.] [3]

[As has been said to you, the defendants were required to build a wall of a certain thickness; otherwise the building inspectors would not have permitted them to erect the building.  One provision was that there should be a certain amount of space beyond these steel columns.  Now, if you find from an inspection of the plans—and it is admitted that the building was built according to the plans and specifications—and if you find from the verbal testimony and the depositions which were read to you, the cross-examination as well as the direct—if you find from all that testimony that as a matter of fact the defendants did make use of the plaintiff's wall, then the defendants must pay for it.] [4]

Defendants presented this point:

3. If by reason of the close proximity of the plaintiff's party wall and the lateral protection afforded thereby, the defendants were enabled to build their wall of less thickness than would be required by the building inspectors if the building stood alone, that did not constitute such a

use of the party wall as to make the adjoining owner liable to contribute to the cost thereof, and the verdict should be for the defendants. *Answer:* Refused. [5]

Verdict and judgment for plaintiff for $323.80. Defendants appealed.

*Errors assigned* were (1) ruling on evidence, quoting the bill of exceptions; (2) refusal of nonsuit; (3–5) above instructions, quoting them.

*John H. Connellan,* for appellant.—The fact that on account of the proximity of the plaintiff's party wall and the incidental protection it afforded, the defendant was able to build a wall on his own land of less thickness than would have been required if the plaintiff's building did not adjoin, was not such a use as made the defendants liable: Kingsland v. Tucker, 115 N. Y. 574 (22 N. E. Repr. 268); Sheldon Bank v. Royce, 84 Ia. 288 (50 N. W. Repr. 586); Heiland v. Cooper, 38 W. N. C. 560; Harris v. Dozier, 72 Ill. App. 542; Mellor v. Farmers' Dep. Nat. Bank, 50 Pitts. Leg. J. 55.

*Maurice Bower Saul,* with him *John G. Johnson,* for appellees, cited: Allen v. Cass-Stauffer Co., 11 Pa. C. C. Rep. 231.

OPINION BY PORTER, J., July 18, 1912:

The plaintiff was the owner of the premises 1203 Spruce street, Philadelphia, and of a party wall erected upon the line between said lot and the lot 1201 Spruce street, of which the defendants were the owners. The defendants, in 1906, erected upon the lot No. 1201 Spruce street a building having a steel frame, and the plaintiff alleges that in the erection of said building they cut into and made use of the party wall between the lots. The plaintiff proceeded under the provisions of the Act of February 24, 1721, 1 Sm. L. 124, to have ascertained the amount which the defendants should pay for the use so alleged to have been made of the party wall. The defendants having re-

fused to pay the amount, the plaintiff brought this action of assumpsit and having recovered a judgment in the court below the defendants appeal.

The wall which stood upon the line between the lots was conceded to be a party wall, lawfully erected, and it was admitted that the plaintiff was entitled to compensation if defendants had used the wall as a part of their building. The only question about which the parties were at variance was whether the defendants had used the wall, in the erection of their building. The part of the wall in question was, at the time of the trial, so covered up that a physical inspection of it was impossible. The two buildings joined at the front, the new building was higher than the old party wall and the new wall extended out over the old at the top, and the new building extended back farther than the party wall and the new wall at the rear was built out to the property line. The defendants had in the erection of their steel building erected brickwork twelve inches thick, which they assert was an independent wall, in close proximity to the old wall on the east side, the old wall being thus completely enveloped by the new one. The question of fact to be determined was whether the defendants in erecting their building had used or broken into the party wall, within the meaning of the act of February 24, 1721. The manner in which the new building had been constructed, in so far as it had relation to this wall, was certainly a matter with regard to which it was proper that the jury should have the fullest information, in order that they might intelligently determine the question of fact, whether the defendants had in erecting their building broken into or used the party wall. The plaintiff offered in evidence the plans and specifications, which the defendants had produced upon notice, of the building which defendants had erected. The defendants admitted that the building had been erected in accordance with those plans and specifications, but they objected to the presentation of the latter in evidence. It being conceded that the plans and specifications showed

exactly what the defendants had done, it was entirely proper to admit the papers in evidence, as showing how the defendants, in erecting their building, had dealt with the party wall. The first specification of error is overruled.

The plaintiff produced, in addition to the plans and specifications, the testimony of a witness, seemingly disinterested, to the effect that the defendants had actually broken into the party wall, recessing therein the steel columns of the new building and supporting therein at least one of the steel beams, and this testimony was to some extent corroborated by one of the witnesses called by the defendants. This testimony was proper to be considered by the jury in passing upon the question whether the defendants had used the party wall, and that was a question which could be determined only by the jury. The second and third specifications of error are without merit.

The appellants contend that the burden was upon the plaintiff, in order to warrant a recovery, to show that the defendants had used the party wall for the purpose of supporting their building; that is, carrying the weight of the structure. They assert that the evidence in this case clearly established that the weight of this building was sustained by the steel frame; that the party wall contributed nothing to carrying that weight, and that, therefore, the plaintiff was not entitled to recover. It would probably not require much evidence to satisfy a jury that the weight of a modern steel frame building is carried by the steel frame and not by the inclosing outer shell, which we call a wall. It is a matter of everyday observation that, in the erection of buildings with a steel frame the construction of the wall may be commenced several stories above the ground, and the lower part of the wall may be the last portion put into place; it is thus very clearly illustrated that the frame sometimes carries the wall instead of the wall carrying the frame. A building twenty stories high may be constructed, every beam and girder fixed in place, the floors laid and the roof completed, without any sign of an outer wall, but it would hardly be se-

riously contended that a structure in that condition was a completed building. The wall is necessary to render the building inhabitable and protect the steel frame from atmospheric changes and from fire; it is an essential part of the building, although it does not carry the weight thereof. If in the construction of their building these defendants broke into the party wall, recessing the steel columns and beams therein, and used that wall as a part of the outer shell of their building, necessary to protect the steel frame against atmospheric changes and fire, it was proper for the jury to take into consideration those facts, in passing upon the question whether the defendants had used the wall, and those facts alone were sufficient to warrant a finding in favor of the plaintiff. It may be that, as between the owners of adjoining lots, he who builds first does not have the right to invoke the provisions of the statutes authorizing the erection of party walls, to enable him to erect, as a party wall, a steel frame structure not capable of supporting a building upon the lot of his neighbor as was held by Judge McCLUNG, in Mellor v. Farmers' Deposit National Bank, 50 Pittsburg Legal Journal, 55; that question we are not called upon to decide. The wall here involved was a party wall within the meaning of the statute, and the only question, under the pleadings, was whether the defendants had used and made it an essential part of their own building.

The specifications of error are all overruled.

The judgment is affirmed.