## O'Malley *v.* De LaPuente, Appellant.

*Party walls—Construction—New use by second party—Liability for portion of cost.*

Where the first builder has erected a brick party wall in place of an old frame one, and the owner of an adjoining lot subsequently alters her building and makes new use of the party wall, she is liable for a proportionate share of the new wall.

Where the second builder erects a building, which would be unlawful but for the fact that the party wall of the first forms one part of the structure, she is making a new use of the wall and becomes liable for her proportionate share of the cost.

*Party walls—Cost of construction— Statute of limitations.*

The use of the party wall creates the liability of the second builder, and a claim for compensation may be presented any time within six years from the date of such use.

Argued Nov. 13, 1918. Appeal, No. 91, Oct. T., 1918, by defendant, from judgment of the Municipal Court of Philadelphia, Oct. T., 1917, No. 149, for plaintiff in case tried by the court without a jury in the suit of Michael O'Malley v. Mary A. De LaPuente. Before ORLADY, P. J., PORTER, HENDERSON, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Assumpsit to collect one-half the cost of a party wall. Before CRANE, J., without a jury.

The facts appear by the following opinion of the court below entering judgment in favor of the plaintiff in the sum of $141.80:

Plaintiff brought suit under the Act of February 24, 1721, and the supplements thereto, to recover from the defendant one-half of the cost of that portion of a party

wall alleged to have been used by the defendant, which was erected by the plaintiff.

Plaintiff and defendant had for many years prior to March 21, 1907, been owners respectively of premises 1632 and 1634 Ridge avenue, Philadelphia. On March 21, 1907, the plaintiff tore down the frame structure on the rear of his property and erected a three-story brick storage building, with a brick party wall conforming to the building regulations. When this was done, the frame stable built on the rear of defendant's lot was attached to the brick party wall constructed by plaintiff and no claim was ever made upon defendant to pay her share of the cost of the party wall as used by her. In the latter part of August, 1917, defendant converted the stable into a garage in which connection she replaced the frame sliding door of the stable with a brick front.

Plaintiff contends that in making this change defendant has made a use of the party wall different from that formerly enjoyed by her and therefore she should reimburse him a moiety of the cost of the portion of the wall used by her, as determined by the lawful measure. Defendant, on the contrary, denies that she is making any use of the party wall other than that which she has done since 1907.

[After a careful consideration of the testimony offered by both parties in this respect, the court finds as a fact upon the weight of the credible evidence presented, that defendant in August, 1917, in making the alterations to her property, made a new use of plaintiff's party wall.] The character of the building erected by the defendant in August, 1917, is known as a third-class building, in which connection the law requires a party wall of non-combustible material, thirteen inches wide, laid to a depth of three feet below the ground surface. When the second builder has erected a structure which would be unlawful but for the fact that the party wall of the first builder forms one side of the structure, even though it merely rests against the party wall, without being physi-

cally attached, such act constitutes such a use or benefit as will render the second builder liable for a moiety of the cost of erecting the wall: Allen v. Cass-Stauffer Co., 11 Pa. C. C. 231.

The wall in the case at bar was built in 1907 and it was not until the defendant made a new use of that wall in 1917 that any claim accrued to the plaintiff. [The court is not aware of any law requiring plaintiff to give notice of the time when he has a lawful measurer to measure the wall in order to ascertain the amount due him by the defendant.] The calculation made by plaintiff's witness might have been controverted by the defendant, but defendant did not see fit to do so. There is a requirement that when the owner of one property desires to erect the party wall, notice must be given the owner of the adjoining lot, and the statute further regulates the manner of giving notice and the method of apportioning the cost of said party wall between the adjoining owners. Had plaintiff sought in 1907, when he built this party wall, to charge defendant with her share of its cost, he would have been obliged to have given the notice provided by law. He made no such claim at that time, however, due to the character of the use that was being made of the wall by the defendant. If at any time subsequent to the erection of the party wall, defendant makes a new use of it, the first builder of the wall is entitled to be compensated, and this claim may be presented at any time within six years from the date of such new use. [Plaintiff was not required to notify defendant after she had completed the alterations to her buildings, and plaintiff's claim had vested, of the time when he had the measurer calculate his damages.]

The law regulating party walls is entirely of statutory origin, sustainable only under the police power of the Commonwealth; therefore the regulation of party walls is to be governed by the rule of strict construction, and kept strictly within the limits of the statutory provisions on the subject. See Hoffstot v. Voight, 146 Pa. 632.

102, (1919).] Opinion of Court below—Opinion of the Court.

[The law is well established that whenever an adjoining owner makes any new use of a party wall built by the other adjoining owner, he is made liable to pay one-half of the cost of that section or part of the party wall of which he has made a new use, or used in a manner different than theretofore. As the court has found as a fact that the defendant in this case made a use of the plaintiff's party wall in a manner different and for a new purpose than she did prior to August, 1917, she should both in law and equity pay her share of the cost of such wall. The court therefore finds in favor of the plaintiff in the sum of one hundred and forty-one dollars and eighty cents.]

[The plaintiff's requests for findings of fact and conclusions of law are affirmed. The defendant's requests, inconsistent therewith, are declined.]

*Errors assigned,* among others, was the judgment of the court.

*John F. Gorman,* and with him *William Gorman,* for appellant.

*Otto Kraus, Jr.,* and with him *Joseph A. Dolan,* for appellee.

OPINION BY ORLADY, P. J., July 17, 1919:

The plaintiff and defendant are adjoining owners of premises on Ridge avenue, Philadelphia. A controversy arose as to the liability for a reconstructed party wall and this resulted in an action by the plaintiff against the defendant, which was submitted to a judge of the Municipal Court without the intervention of a jury. The findings of fact by the trial judge are warranted by the evidence and decisive of the defendant's objections to the plaintiff's right to recover. The conclusion reached by him in finding in favor of the plaintiff is fully sustained by the authorities stated in his opinion, and for the reasons therein given the judgment is affirmed.