# Moye *v.* Morrison, Appellant.

*Party walls—Act of February 24, 1721, 2 Sm. Laws 124—Use of walls.*

By the Act of February 24, 1721, 2 Sm. Laws 124, it is provided that where a party wall has been erected by one of two adjoining owners the builder of such wall "shall be reimbursed one moiety of the charge of such party wall or for so much thereof as the next builder shall have occasion to make use of, before such next builder shall any ways use or break into said wall."

It is not necessary in order to involve a use of the wall, contemplated by the statute, that the party wall should carry the weight of the new building.

Where the front wall of a new building extended up to and adjoined the party wall, and the roof, at the time the action was brought, extended up to and adjoined the party wall, the latter was used as contemplated by the statute, and the original builder was entitled to compensation.

Argued October 25, 1922. Appeal, No. 181, Oct. T., 1922, by defendant, from judgment of C. P. No. 4, Philadelphia County, Dec. T., 1921, No. 527, on verdict for plaintiff in the case of Charles G. Moye v. Augusta H. Morrison. Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Assumpsit for use of party wall. Before AUDENRIED, P. J.

The court gave binding instructions in favor of the plaintiff and the jury rendered a verdict in the sum of $584.01 and judgment was subsequently entered thereon. Defendant appealed.

The facts are stated in the following opinion of the court below.

By his statement, as amended at the trial, the plaintiff demands from the defendant $530.92 with interest from September 11, 1920. Of that amount, $515.99 is claimed as half of the value of a party wall belonging to the plaintiff, of which, it is alleged, the defendant has made use, and $15.93 is claimed as half of the charge paid by plaintiff to the lawful measurer who valued the wall. The defense set up is that the defendant has not used the plaintiff's wall.

At the trial the following facts appeared and were undisputed:

The plaintiff owns a property situated on the north side of West Erie Avenue, in the City of Philadelphia, and known as No. 519. On this lot is erected a brick building occupied as a public garage. The defendant owns a property situated on the same side of the street. This is bounded on the west by the plaintiff's property and is known as No. 517. On the eastern side of her lot is erected a dwelling house in which the defendant and her husband reside. Prior to September, 1920, the space of eighteen and a half feet intervening between the defendant's house and the plaintiff's garage stood vacant.

The east wall of the garage is erected on the boundary line of the two properties and runs north for about ninety feet from Erie Avenue. It is thirteen inches thick. Eight and a quarter inches of it are on the plaintiff's side of the line, and four and three-quarters inches of it are on the defendant's lot. The stone foundation to this wall projects from two and a half to three inches further upon the land of the defendant.

On September 3, 1920, the defendant obtained from the Bureau of Building Inspection a permit for the construction of an open shed upon the vacant land above referred to. Under that permit she caused to be erected thereon a one-story structure whose front wall, built of brick, touched at its eastern extremity the front wall of her dwelling house, and at its western extremity touched the front wall of the plaintiff's garage. The north end of this building is about ninety-eight feet from Erie Avenue. At that end the so-called shed was shut in by a wall, the lower part of which was made of galvanized iron. Its roof was made of sheathing boards with roofing paper fastened to them and covered with tar and gravel. The roof was laid on joists which at their eastern ends were fitted into recesses cut in the west wall of the defendant's house, and at their western ends were supported by a stringer that rested on a series of posts six or eight inches thick and about fourteen feet in height. These posts had their footing on the top of the stone foundation that projected beyond the eastern face of the garage wall and, although not nailed or otherwise secured to that wall, with the stringer that rested on them, placed close "up against it." The ends of the joists that rested on the stringer touched the wall, but had no bearing on it. The wall was not recessed to receive them, but it is obvious that it at least helped to hold them in place by meeting their outward thrust. This wall, for a distance of ninety feet, affords protection against the weather to the building on its west side and that protection was completed by an addition to it, eight feet long,

Opinion of Court below. [81 Pa. Superior Ct.

which, under a permit obtained on October 18, 1920, was constructed by the defendant. On complaint from plaintiff's counsel, the city building inspector who had control of the work, directed that the uprights on which the stringer supporting the joists was laid should be moved back from the wall and set on footings distinct from its foundation. His order was obeyed in October, 1920, according to some of the witnesses, but according to others, in the week before the trial, which took place May 15, 1922. At the latter date the joists still butted against the wall, although the sheathing laid upon them was not then in contact with it. In the spring of 1921, the plaintiff's husband laid tar paper on the roof so that it covered the eighteen-inch space between the line at which the sheathing ended and the face of the wall, but this was not secured to the wall.

Upon these facts, there being no dispute about the value of that part of the wall below the line of the defendant's roof, the trial judge instructed the jury to find for the plaintiff and assess his damages at the amount fixed by the lawful measurer with half of the latter's charge for making the measurement and valuation, plus interest; and a verdict was accordingly rendered against the defendant for $584.01. The latter now asks for judgment non obstante veredicto or a new trial.

By the Act of February 24, 1721, 2 Smith's Laws 124, it is provided that where a party wall has been erected by one of two adjoining owners, the builder of the wall "shall be reimbursed one moiety of the charge of such party wall or for so much thereof as the next builder shall have occasion to make use of before such next builder shall anyways use or break into said wall."

The east wall of the plaintiff's garage is a party wall. It was built by the plaintiff's predecessor in the title of the property now held by him; and in September, 1920, it belonged to the plaintiff.

Its "charge" or value has been "set" or determined by a lawful measurer, the accuracy of whose calculation has

not been attacked.  It was not essential to the validity of his measurement that notice of the time when it was to be made should have been given to the defendant: O'Malley v. De LaPuente, 72 Pa. Superior Ct. 102.

The defendant's liability to pay the plaintiff the amount claimed by him depends on the answer to the question whether she has in any way used his wall.  Upon the undisputed facts of the case, that question was one of law, with which the jury had nothing to do.  That such was the thought of counsel for the defendant is apparent from his request that the jury be directed to find against the plaintiff.  The affirmance of that request, however, would have been error.

As originally placed the uprights that supported the roof of the defendant's so-called "open shed" were set upon the foundation of the party wall as their footing and received lateral support from the wall through being placed "up against it."  By reason of its contact with the wall the position of the stringer that rested on the uprights was made more secure than it would have otherwise been, and the fact that the ends of the joists on which the building's roof is laid are thrust against the wall obviously tends to steady or stay them in their places.  It is also clear that the plaintiff's wall helped to fit the defendant's "shed" for many uses of which it would be incapable if left open on its western side.  This constituted a use of the party wall by the defendant, and there can be no doubt that it was intentional and of set purpose.  A breaking into the wall by the defendant was not necessary in order to render her liable under the statute.

In Allen v. Carr Stauffer Co., 1 Dist. 732, it was held that where the defendant erected on a vacant lot lying between the plaintiff's building on the one side and his own building a frame structure the roof of which covered the entire space between the two buildings resting upon wooden frame work and supports, and against the plaintiff's building, the plaintiff is entitled to recover the val-

ue of a moiety of the part of the party wall against which the defendant built, although there was no testimony to show any physical attachment of the defendant's building to that of the plaintiff; and a nonsuit entered at the trial was accordingly taken off.

It was held by SULZBERGER, P. J., in Fliegelman v. Murphy et al., 24 Dist. Rep. 334, that, if the owner of a lot between two party walls builds a front and back wall, letting his roof rest upon roof plates supported by piers, without actually cutting into the party walls, which, however, furnish support and become an essential part of his building, such use will render him liable to pay for half of the value of the party walls.

The defendant's liability in this action is not relieved by the fact that the uprights that support her roof have been moved back from their footing on the foundation of the party wall and from contact with the east face of the garage. She had for an appreciable time enjoyed the benefit of their original location, and their change of position had no more the effect of relieving her from paying for the use of the plaintiff's party wall, than would the demolition of a house supported on one side by such a wall give its owner the right to reclaim from the adjoining owner who had built the wall the money received by the latter for its use when the house had originally been erected against it.

Being of opinion that the case was properly disposed of by the trial judge, we dismiss the defendant's motion for judgment n. o. v. and refuse a new trial.

*Errors assigned* were in directing a verdict for the plaintiff and refusal of defendant's motion for judgment non obstante veredicto.

*John G. Kauffman,* for appellant.

*Robert F. Irwin, Jr.,* for appellee.

OPINION BY PORTER, J., July 12, 1923:

The plaintiff in this action of assumpsit seeks to recover of the defendant, under the provisions of the Act of February 24, 1721, 2 Sm. Laws 124, for the use of a portion of a party wall, erected between their adjoining properties. The pleadings, which were offered in evidence, established that the wall in question was a party wall, and the only question at issue was whether the defendant had used a portion of the wall in the erection of a new structure upon her property. The opinion of Judge AUDENRIED, of the court below, which appears in the report of this case, fully states the facts and so satisfactorily vindicates the conclusion at which he arrived, that extended discussion of the question involved is not necessary. The front wall of the new building extended up to and adjoined the party wall, the roof, at the time the action was brought, extended up to and adjoined the party wall; the party wall was the only wall which enclosed the new building upon that side. It was not necessary, in order to involve a use of the wall contemplated by the statute, that the party wall should carry the weight of the new building: Pennsylvania Co., etc., v. Odd Fellows, 50 Pa. Superior Ct. 255; O'Malley v. De LaPuente, 72 Pa. Superior Ct. 102.

The judgment is affirmed.