Cronin, Appellant, *v.* Dougherty.

Argued October 24, 1930.

Before

Trexler, P. J., Keller, Linn, Gawthrop, Cunningham, and Baldrige, JJ.

464

*Henry A. Hoefler,* for appellant.

*Robert T. McCracken* of *Montgomery & McCracken,* for appellee.

OPINION BY LINN, J.: January 30, 1931:

This is a proceeding under the Uniform Declaratory Judgments Act: June 18, 1923, P. L. 849. The parties were the owners of adjoining four-story brick dwelling houses, numbered 1738 and 1740 Sansom Street in Philadelphia. The partition wall between the buildings was a party wall, and extended from the ground up to a point above the third floor, but not to the roof, leaving an open space between the two houses on the fourth floor; the party wall was "made of wood, laths, plaster and paper;" the houses were built at least fifty years ago, and complied with the law of that time.

In January 1930 defendant took down his house, 1738 Sansom Street to use his lot as an open air garage. He left the party wall intact, and covered the opening in the fourth floor wall "on the outside with rubberoid or fireproof material." In February, the city, through a building inspector, notified plaintiff to remove "said illegal construction, being the closing up of said opening in said loft" made by the present defendant. Plaintiff appealed to the Bureau of Building Inspection, which heard the appeal, and also ordered the removal. In March the City Solicitor notified plaintiff that suit would be brought by the city

to enforce the order unless she complied with it. Plaintiff also avers that the opening in the party wall cannot be closed to comply with the present building laws in Philadelphia except by rebuilding the entire wall from its foundation according to the provisions of the Act of May 1, 1929, P. L. 1063. She avers that as defendant has produced the condition by taking down his building, he should be required "to rebuild at his cost and expense a party wall in such a way and of such materials as are now required and approved by law."

In her petition, she asked for a rule on defendant to show cause (a) why the court should not enter a declaratory judgment construing the rights, liabilities and legal status of the parties in the circumstances, (b) why defendant should not be required "at once and at his cost" to erect "a new party wall in such way and consisting of such materials now approved by law in the place of the present party wall," and comply with the removal order of the Bureau of Building Inspection.

Defendant's answer admitted the essential facts alleged in the petition, and denied liability to contribute to the cost or repair of the party wall until such time as he wished to use it; he averred that if plaintiff sustained any wrong as alleged, her remedy was to comply with the order of the Bureau and to bring suit against defendant for such reimbursement as defendant might then be adjudged liable for.

The court heard the case on petition and answer, and being of opinion that an adjoiner was not required to contribute to the cost of a party wall until he used it, discharged the rule. As that ended the proceeding, it is a final order from which an appeal lies.

We agree with the court below. Pennsylvania has a well developed body of party wall law: Jackman v. Rosenbaum Co., 263 Pa. 158, and 260 U. S. 22. An owner, without negligence, may take down his building

without liability to his adjoiner for leaving the party wall exposed: Thompson v. De Long, 267 Pa. 212, 216. The builder of a party wall "shall be reimbursed one moiety of the charge of such party wall or for so much thereof as the next builder shall have occasion to make use of, before such next builder shall any ways [wise?] use or break into said wall": Act of February 24, 1721, Sm. L. 124; Moye v. Morrison, 81 Pa. Superior Ct. 251; see s. 1805 of the Building Code approved May 1, 1929, P. L. 1063, 1099. Until then a house owner must care for his own party wall without contribution from the adjoining lot owner.

The duty of complying with the order of the Bureau, if it is in accordance with law, as we assume it is (the proceedings are not in this record), is upon plaintiff, for she alone requires the use of the party wall now.

Judgment affirmed.