## Patterson v. DiBelle

*Henry, Griffiths & Grasberger* and *R. C. Grasberger*, for plaintiff.

*G. T. Guarnieri*, for defendant.

BROWN, JR., P. J., October 30, 1952. — This complaint in equity was filed to enjoin defendant from breaking into and using the party wall located on the dividing line of plaintiff's and defendant's properties. The answer alleged the use of part of the wall for over twenty-one years, and denied any increased use thereof. During the trial, it appeared that defendant's building, which allegedly increased defendant's use of the wall, had been completed prior to trial, and so plaintiff's claim was changed to a request for payment of $82., the value of the portion of the wall as now used by defendant.

### Findings of Fact

From the admissions in the pleadings, the agreements of counsel at bar, and the proofs, the facts are found to be as follows:

1. Plaintiff, Alexander W. Patterson, is the present owner of premises 1714 South 7th Street, Philadelphia, Pennsylvania, having acquired title on or about May 20, 1947.

2. Defendant, Frank DiBelle, is the present owner of premises 1716 South 7th Street, Philadelphia, Pennsylvania, having acquired title on or about April 18, 1952.

3. When plaintiff acquired title to premises 1714 South 7th Street, there was along the south line a nine inch thick party wall located about five and one-

half inches on plaintiff's property and three and one-half inches on the adjoining premises 1716 South 7th Street.

4. At that time, the rear ten feet of the party wall, about twenty-four feet in height, was not used by the building on premises 1716 South 7th Street, except at the rear thereof where there was a wooden structure or shed to a height of about eleven feet, the side wall of this structure or shed being built up to and against but in no way attached to the party wall.

5. Since acquiring title to premises 1716 South 7th Street, defendant has removed the wooden walls of the shed, and built as the rear wall of the shed a wall of cinder blocks and bricks, cemented to the party wall, and the party wall, which defendant has improved by plastering the cracked surface areas, is used as the interior side wall of the shed. Although the former roof is still in use on the shed, this too has been cemented to the party wall by defendant.

6. Defendant has not reimbursed or compensated plaintiff for this new and increased use of the party wall.

7. The value of the portion of the party wall as now used by defendant is $79.50 as fixed by the lawful measurer.

8. The charge of the lawful measurer for making this measurement and valuation is $5.

### Discussion

By the Act of February 24, 1721, 1 Sm. L. 125, seq. 2, 53 PS §4173, it is provided that where a party wall has been erected by one of two adjoining owners, the builder of the wall "shall be reimbursed one moiety of the charge of such party wall, or for so much thereof as the next builder shall have occasion to make use of, before such next builder shall any ways use or break into the said wall." Under the Act of April 10, 1849, P. L. 600, sec. 4, 21 PS §15, this right to compensation

180

passes "with the land, unless reserved, until the wall is used; and [vests] in the owner at the time of such use". *Lea v. Jones*, 209 Pa. 22, 23-24.

The south wall of the building on plaintiff's property is a party wall, built by his predecessor in title. Until recently the side wall of the shed at the rear of defendant's premises, although built up to and against the party wall, was in no way attached to the party wall, but since this wooden wall of the shed was removed by defendant, the party wall has been used as the interior side wall of the shed, and the rear wall of the shed built of cinder blocks and bricks, a substantially permanent structure, has been cemented to the party wall. The rear wall of the shed extends up to and is attached to the party wall; also, the party wall is the only wall which now encloses the shed on that side. "It was not necessary, in order to involve a use of the wall contemplated by the statute, that the party wall should carry the weight of the . . . building": Moye v. Morrison, 81 Pa. Superior Ct. 251, 257. The use now made of the party wall by defendant is for a new purpose and in a different manner from the prior use, and constitutes a new and increased use, for which plaintiff is entitled to be compensated. *O'Malley v. De LaPuente*, 72 Pa. Superior Ct. 102, 103-105.

The compensation plaintiff is entitled to receive from defendant for the new and increased use of a portion of the party wall is "the amount fixed by the lawful measurer with half of the latter's charge for making the measurement and valuation, plus interest". *Moye v. Morrison*, supra, 254. The accuracy of the calculation of the lawful measurer has not been impeached. "It was not essential to the validity of his measurement that notice of the time when it was to be made should have been given to . . . defendant". Id., p. 255; *O'Malley v. De LaPuente*, supra, 104.

## Conclusions of Law

1. Plaintiff is entitled to be reimbursed or compensated for the new and increased use of the party wall made by defendant.

2. Defendant must pay to plaintiff one-half the value of the portion of the wall as now used by defendant, i. e., $79.50, plus one-half the charge made by the lawful measurer, i. e., $2.50, or the sum of $82., with interest thereon to date of payment.

## Decree Nisi

AND NOW, October 30, 1952, upon consideration of the foregoing case, it is ORDERED, ADJUDGED and DECREED that defendant, Frank DiBelle, pay to plaintiff, Alexander W. Patterson, the sum of $82., with interest thereon to date of payment, within thirty days; defendant to pay the costs.

The Prothonotary will give prompt notice of the filing of this adjudication to the parties or their counsel, and further, that if exceptions are not filed within twenty days after the receipt of said notice, the decree nisi will be entered as of course by him as the final decree.