## Allison's and Miller's Appeal.

*Criminal law—Common law conspiracy—Motive of prosecutor.*

Where probable cause exists the prosecution of a person for the violation of an act of assembly, through the orderly procedure of a court of justice, is doing a lawful act in a lawful manner and furnishes no basis for a charge of common law conspiracy, irrespective of the secret motive impelling the prosecutor.

On the trial of an indictment for conspiracy at common law, the defendants were charged with conspiring to prevent the prosecutor from exercising his business of manufacturing or advertising patent medicines. It appeared that the defendants had instituted a proceeding against the prosecutor charging him with violation of the Act of April 21, 1921, P. L. 242, prohibiting advertisements of medicines relating to venereal diseases, and that on the trial of that indictment the defendant, prosecutor, had been acquitted.

As the evidence in the case showed probable cause for the prosecution, it was error for the court to submit to the jury, as the important and controlling question in the case, the motive of the defendants in instituting the former proceeding against the prosecutor.

To constitute a conspiracy, the purpose to be effected by it must be unlawful, either in respect of its nature or in respect of the means to be employed for its accomplishment. Where there was sufficient evidence showing that there was probable cause for the former prosecution, a conviction on the charge of conspiracy based on such prosecution, cannot stand.

Argued April 27, 1925. Appeals Nos. 201 and 202 April T., 1925, by defendants from judgment and sentence of the Court of Quarter Sessions of Allegheny County, February Sessions, 1924, No. 1051, in the case of Commonwealth of Pennsylvania v. H. M. Allison and J. H. Miller. Before Porter, Henderson, Trexler, Keller, Linn and Gawthrop, JJ. Reversed.

Indictment for conspiracy at common law.   Before CARNAHAN, J.

The facts are stated in the opinion of the Superior Court.

Verdict of guilty against both defendants, on which judgment of sentence was passed.   Defendants appealed.

*Errors assigned* were judgment and sentence of the Court, refusal to direct a verdict in favor of the defendants, the charge of the court, answer of defendants' point and refusal to grant a new trial.

*William S. Doty,* of *Doty and Thornton,* and with him *Thos. A. Thornton,* for appellant, H. M. Allison; *Andrew G. Smith,* for appellant, J. H. Miller.

An agreement to do a lawful thing in a lawful way is not a crime, whatever the motive:  Where probable cause appears, no prosecution, however malicious its motives, gives rise to a cause of action on a charge of conspiracy:  Pauli v. Commonwealth, 89 Pa. 432, 433; Jenkins v. Fowler, 24 Pa. 308; Emerson v. Cochran, 111 Pa. 619; Kirkpatrick v. Kirkpatrick, 39 Pa. 288; Lipowics v. Jervis, 209 Pa. 315; Winebiddle v. Porterfield, 9 Pa. 137; Dietz v. Langfitt, 63 Pa. 234; Travis v. Smith, 1 Pa. 234; Ruffner v. Hooks, 2 Pa. Superior Court 278; Walter v. Sample, 25 Pa. 275; Brobst v. Ruff, 100 Pa. 91; Mayer v. Walter, 64 Pa. 283; Fry v. Wolf, 8 Pa. Superior Court 468; Auer v. Mauser, 6 Pa. Superior Court 618; Gilliford v. Windel, 108 Pa. 142.

*Benjamin Lencher,* Assistant District Attorney, and with him *Samuel H. Gardner,* District Attorney, for appellee.

OPINION BY KELLER, J., October 6, 1925:

These appeals grow out of the same indictment and may be disposed of in one opinion.

Appellants were indicted for conspiracy at common law; the charge being that they had unlawfully conspired together to prevent the prosecutor, Walker, from following and exercising his trade or business of manufacturing a patent medicine known as "Vitazone." The Commonwealth's case was chiefly based on the fact that a prosecution had been instituted by the defendant, Allison, against Walker for violating (1) the provisions of the Act of April 21, 1921, P. L. 242, prohibiting advertisements of cures or medicines relating to venereal diseases, and (2) the Act of May 5, 1921, P. L. 382, making it unlawful to use in any advertisement any statement of fact which is untrue, deceptive or misleading; in which prosecution the other defendant Miller was a witness. That prosecution resulted in Walker's acquittal by direction of the court, and he retaliated by making the present complaint against these appellants. Without the evidence relating to the former prosecution there was not enough in the case to sustain a conviction; so much so that the learned trial judge in his instructions to the jury apparently confused the charge being tried with the statutory offense of conspiring and agreeing falsely and maliciously to charge or indict any other person or cause or procure him to be charged or indicted in any court of criminal jurisdiction, provided for by section 127 of the Criminal Code of 1860, (Act of March 31, 1860, P. L. 382, 412); for he read that section and the section following (128) to the jury, except that through an oversight he used the disjunctive, "falsely or maliciously" instead of the conjunctive, "falsely and maliciously." The question submitted by the court to the jury as the important and controlling one in the case was the motive of these defendants with respect to the prosecution against Walker; whether it was from proper motives to protect the public—"no other motive than to vindicate the law,"—or "to get after Walker and drive him out of business." In the circumstances

of this case that was not a matter for the consideration of the jury. We do not know the ground on which the court in the prosecution against Walker directed his acquittal; probably it was because the Commonwealth failed to prove his responsibility for the advertisements complained of. Whatever it may have been, on the present trial Walker assumed full responsibility for them and testified that he had directed their publication. Of themselves they furnished abundant probable cause for his prosecution, and the learned judge of the court below should have so ruled. If the same evidence had been presented in the trial of Walker, it would have been a miscarriage of justice to order his acquittal. There being probable cause for the prosecution, it was of no concern in this case what the private motive of the prosecutor may have been. A man whose goods are stolen, in bringing his complaint against the thief may be actuated by wholly selfish motives or by hostility against the thief, and not at all by a desire to protect the public or vindicate the law, but if probable cause clearly exists,—if, for example, the thief is caught red-handed,—the private motive of the prosecutor is unimportant. "When a creditor who has a just debt brings a suit or issues execution, though he does it out of pure enmity to the debtor, he is safe. ......One who prosecutes another for a crime, need not show in an action for malicious prosecution that he was actuated by correct feelings, if he can prove that there was good reason to believe the charge well founded.......As long as a man keeps himself within the law by doing no act which violates it, we must leave his motives to Him who searches the heart": Jenkins v. Fowler, 24 Pa. 308, 310. The advertisements complained of were a clear violation of the Acts of Assembly before referred to. To prosecute the person responsible for them through the orderly procedure of a court of justice, was the doing of a lawful act in a law-

ful manner, and furnished no basis for a charge of common law conspiracy, irrespective of the secret motive impelling the prosecutor. To constitute a conspiracy, the purpose to be effected by it must be unlawful either in respect of its nature, or in respect of the means to be employed for its accomplishment: Hartman v. Com., 5 Pa. 60, 65. It was not unlawful for these defendants to agree that one of them should prosecute Walker for his flagrant violation of the law regarding illegal advertisements or take any other legal means to stop their publication; and the impelling motive for such action is of no consequence. This case bears no likeness to prosecutions which are settled by the prosecutor on payment of a sum of money, as to which the motive for bringing the prosecutions may be considered on a charge of conspiracy to falsely and maliciously indict, contrary to the provisions of section 127 of the Criminal Code aforesaid: Com. v. Doughty, 139 Pa. 383, 391, 397.

The third, fourth, fifth, sixth, ninth, twelfth and fourteenth assignments of error are sustained. The several judgments are reversed and the appellants are severally discharged.