## Illegal Advertisements.

*Advertisements—Illegal advertisements—Diseases of generative organs—Cures—Diagnosis—Acts of March 16, 1870, July 21, 1919, and April 21, 1921.*

An advertisement of a diagnosis of a disease of the generative organs, and not a cure thereof, is not within the prohibition of the Acts of March 16, 1870, P. L. 39, July 21, 1919, P. L. 1084, or April 21, 1921, P. L. 242.

Department of Justice. Opinion to Charles H. Miner, M. D., Secretary of Health.

ANDERSON, Dep. Att'y-Gen., Oct. 27, 1926.—The memorandum of Oct. 26, 1926, from Doctor Everhard of your department, to which was attached an advertisement that appeared in the Philadelphia Inquirer of Oct. 20, 1921, has been carefully considered with a view to adequately answering Doctor Everhard's question as to whether or not that, and similar advertisements, furnished grounds for a successful prosecution under some one of the acts of assembly making it an offence for any one to advertise directly or indirectly the cure of diseases of the generative organs.

The earliest act on this subject is that of March 16, 1870, P. L. 39. It relates solely to advertisements of "medicines, drugs, nostrums or apparatus." Obviously the advertisement now under consideration does not fall within the purview of this act. The present advertisement is one for blood examination, either by X-ray or by the Wasserman Test.

The next act on the subject is that of July 21, 1919, P. L. 1084, which prohibits advertisements relating to the treatment of diseases of the generative organs. Under that act an advertisement containing the photograph of the so-called specialist and emphasizing the administration of the 606 blood treatment and containing the statement that "any disease or ailment any man has is what I treat" was held sufficient not only to justify a prosecution, but to sustain a verdict of guilty. The latter conclusion was reached, however, because the Commonwealth introduced expert testimony as to the nature and principal use of the 606 treatment: Com. v. Redmond, 30 Dist. R. 470. In other words, the advertisement for which the accused was there prosecuted on its face indirectly fell within the prohibition of the Act of July 21, 1919, and by positive and competent testimony was shown to be a direct violation of that act. Such a conclusion cannot be reached with regard to the advertisement presently under consideration. It does not stress treatment, but primarily relates to diagnosis.

In an opinion which this department, on June 26, 1922 (2 D. & C. 339), rendered the Bureau of Medical Education and Licensure, on the subject of the revocation of a physician's license, where the offending physician was charged with illegal advertising under the Act of July 21, 1919, just referred to, it was said, "All penal statutes are to be strictly construed, and particularly where a special penalty is prescribed;" and, therefore, the conclusion was reached that the bureau had exceeded its authority in revoking the license of the physician in question because of his violation of the act under consideration.

The most recent act on the general subject is that of April 21, 1921, P. L. 242, prohibiting advertisements of cures or medicines relating to venereal diseases. The Superior Court has recently, in the Appeal of Allison and Miller, 86 Pa. Superior Ct. 451, said that an advertisement of a patent medicine known as "Vitazone" by one Walker furnished abundant cause for his prosecution. There, however, the thing advertised was a patent medicine and not a method for ascertaining whether or not men or women were suffering

Illegal Advertisements.

from venereal diseases. I repeat, that the advertisement in question is not of a treatment or cure, but of a diagnosis only.

The distinction between the kind of advertisement forbidden by statute and that which you present is very clear and, therefore, you are advised that the advertisement to which you very properly object does not furnish ground for a successful prosecution of the advertiser. If advertisement of methods of diagnosing disease of this kind should be prohibited, it will be necessary for the legislature to act further.

From C. P. Addams, Harrisburg, Pa.