(4 Misc. Rep. 48.)

LEVY v. SAMUEL et al.

(Superior Court of New York City, Special Term. June 6, 1893.)

EASEMENTS—DARKENING WINDOWS OF ADJOINING LANDOWNER.
> One may erect a structure on his own lot for the purpose of preventing a view of his premises by a neighbor, though it obstructs the light of the latter's windows.

Action by Morris Levy against Samuel Bros. and others for an injunction. A temporary writ was issued, and plaintiff now moves to continue the same pendente lite. Motion denied.

Abraham Levy, for plaintiff.
Epstein Bros., for defendants Samuel Bros.
Goodhart & Phillips, for defendant Lewis.

McADAM, J. The plaintiff is the owner in fee simple of the premises Nos. 47, 49, and 51 Pike street, in the city of New York, with the six-story building thereon, extending back 86 feet in depth. The defendants are the owners of the property immediately in the rear of that belonging to the plaintiff. The windows of the plaintiff's building look over into the premises of the defendants, and invade their privacy. The defendants, to avoid this, commenced to erect upon the extreme rear of their lots large poles, upon which it was designed to place sheet-iron plates, all for the express purpose of shutting off the light from the offending windows. The bill of complaint was filed by the plaintiff to restrain the acts,

as being maliciously done, and upon the ground of irreparable injury to his property, and the present is a motion to continue the temporary injunction. The decision of the question involves the legal rights of the adjoining owners, which will now be considered. The English rule in regard to ancient lights has been repudiated in this state, and generally throughout the country. See cases collated in Knabe v. Levelle, (Super. N. Y.) 23 N. Y. Supp. 818. Under the rule prevailing here an owner of property may place windows in the walls of his house, though they overlook his neighbor's land. This is his right. The neighbor has some rights, also, for he may, if he chooses to do so, build to the extreme end of his land, and in that way shut off the offending windows. Indeed, he may build for the express purpose of shutting them off, and whether the erection consists of poles with sheet-iron plates, or of solid brick, is all the same, and the motive is of no consequence whatever, for where an act is legal the motive with which it is done is wholly immaterial. "Nullus videtur dolo facere qui suo jure utitur." The acts complained of are not, within a legal sense, the use by the defendants of their property to the injury of another, for no one, legally speaking, is injured or damnified unless some legal right of his has been infringed. Mahan v. Brown, 13 Wend. 261; Parker v. Foote, 19 Wend. 309; Palmer v. Wetmore, 2 Sandf. 316; Myers v. Gemmel, 10 Barb. 537; Shell v. Kemmerer, 13 Phila. 502; Shipman v. Beers, 2 Abb. N. C. 435; 2 Washb. Real Prop. (5th Ed.) 361, 365; Ger. Real Est. (3d Ed.) 763; Doyle v. Lord, 64 N. Y. 432. Goddard, in his work on Easements, (Banks' Ed. 1871,) says:

"The erection of a wall or other obstacle is indeed the only remedy available to a landowner, if he is annoyed by the opening of windows overlooking his grounds. He can maintain no action, nor can he obtain relief at law or in equity, for disturbance of privacy is not an injury which the law will recognize."

This brief summary finds support in the authorities cited by the author, and in the cases above collated, and accords with the views of other eminent writers upon the subject of easements of that character. It will not do for a man to build to the extreme end of his lot, and then complain because his rear neighbor, in exercising the same privilege, has cut off the light, air, or prospect he formerly enjoyed. He should not rely upon the generosity of his neighbor, and must depend upon himself, by reserving space enough on his own land for all his requirements,—light, air, and vision included. These elements form valuable easements, to be acquired only by grant or prescription, neither feature forming any part of this controversy. The rule is certainly an equitable one, and in harmony with the principle that a man may do what he pleases with his own, so long as he does not infringe upon some right or title of another. See cases on all the above propositions collated in Mahan v. Brown, 28 Amer. Dec., at page 464. It follows that the motion to continue the injunction must be denied, and the temporary writ dissolved, with $10 costs.