ANGIE TRIPLETT V. GERTRUDE JACKSON.

No. 86.

1. NUISANCE—*fence on one's own land near or on line is not.* A person may erect a fence upon his own land and may erect a division fence upon the line between his land and the adjoining land.

2. ———— *person may use his own premises as he likes so long as he does not construct.* A person may use his premises for any lawful purpose and may build thereon any structure which is not *per se* a nuisance, unless prohibited by ordinance or statute from so doing.

3. ———— *house built near line, owner cannot enjoin structure on adjoining lot diminishing light and air.* The owner of a lot cannot erect a building upon one side thereof, and compel the owner of the adjacent lot to furnish him the light, air and view which he would have if he placed his building near the center of his lot or was the owner of the adjoining lot himself.

4. AIM OF THE LAW—*is to protect person in enjoyment of his property.* The law aims to protect each person in the enjoyment of his own property.

Error from Finney District Court. Hon. A. J. Abbott, Judge. Opinion filed May 20, 1897. *Reversed.*

*Jas. T. Hitt,* and *B. F. Stocks,* for plaintiff in error.

*Milton Brown,* for defendant in error.

DENNISON, P. J. This is an action for an injunction, brought in the District Court of Finney County, Kansas, by the defendant in error, to restrain the plaintiff in error from erecting a high board fence on and near the line dividing the lots of the contending

778 TRIPLETT v. JACKSON.

S. Dept. Opinion. Dennison, P. J. 5 Kan. App.

parties, and to procure the abatement of the fence already built, claiming that the same is a nuisance. A temporary restraining order was issued by the probate judge. The plaintiff in error moved in the District Court the dissolution of the restraining order, and also demurred to the petition of the defendant in error. Upon the hearing the parties filed a stipulation to submit the case upon the motion and demurrer, and a photograph of the premises. The court overruled the motion and the demurrer and granted a perpetual injunction against the plaintiff in error, and she brings the case here for review, alleging error in these rulings.

One of the questions for us to consider is whether the fence which had been erected or was about to be erected constituted a private nuisance. Our Supreme Court has decided that a board fence sixteen feet high which cut off the light and air from a laundry and basement is not a nuisance, and upheld the action of the trial court in sustaining the demurrer to a petition setting up such facts as the cause for an injunction. *Lapere v. Luckey*, 23 Kan. 534. The attorney for the defendant in error contends that this case authorizes the building of a high board fence upon a person's own land, but that in the case at bar the fence was on the division line. The petition alleges that the structure is erected and about to be erected *on* and *near* the line. The prayer asks that the plaintiff be restrained from maintaining any such obstruction and nuisance *on* said line or *near thereto*.

The judgment of the court is that the plaintiff — defendant in error — have a perpetual injunction as prayed for, and the plaintiff in error, her agents and servants are perpetually enjoined from constructing or maintaining screens or blinds or obstructions *on* or

TRIPLETT v. JACKSON.                    779

May 20, 1897.        Opinion.   Dennison, P. J.            W. Div.

*near* the said division line between the said property of plaintiff and defendant as set out in plaintiff's petition, and abatement of the nuisance is ordered. We construe the language of the petition to mean that the plaintiff in error was erecting a high board fence on her own lot, either near or on the line between the lots of the parties hereto. She had a right to erect a fence on her own land, and she had a right to erect a division fence upon the line between the lots. The defendant in error in her brief says :

"The plaintiff in error has not cited any case in regard to *high board fences on division lines*, and until she does we rest on the decision of the lower court in this case, confident that the law is, that where light and air are about to be cut off by an obstruction wilfully and maliciously to be placed on the dividing or partition line, against the will of and objections of one of the owners of such partition line, that injunction does lie."

Our Supreme Court has decided in *Falloon v. Schilling* ( 29 Kan. 292 ), that if the improvement is legitimate and lawful, is not *per se* a nuisance, the law will not inquire into the motives with which the owner acts in its erection. Our laws contemplate that a person may use his premises for any lawful purpose and may build thereon any structure which is not *per se* a nuisance, unless specially prohibited from so doing. They do not however contemplate that the owner of a lot may place a building upon one side thereof, and then call upon the owner of the adjacent lot to furnish the same light, air and view which he would have if he had placed the building near the center of his lot or was the owner of the adjacent lot himself. The law aims to protect each person in the enjoyment of his own property.

We think the fence was not a nuisance, and that

the demurrer of the plaintiff in error should have been sustained. The temporary injunction should have been dissolved at the cost of the plaintiff below.

The judgment of the District Court is reversed, and the case remanded with instructions to sustain the demurrer and dissolve the temporary injunction.