Beckershoff et ux., Appellants, *v.* Bomba.

Argued November 15, 1933.

Before TREXLER, P. J., KELLER, CUNNINGHAM, BALDRIGE, STADTFELD, PARKER and JAMES, JJ.

*Louis F. McCabe,* for appellants.

*John W. Frazier, Jr.,* of *Frazier & Frazier,* for appellee.

OPINION BY BALDRIGE, J., February 1, 1934:

This is an appeal by the plaintiffs from the refusal of the court below to order the defendant to remove a portion of a structure alleged to have been built in violation of the Building Code.

The plaintiffs are the owners of premises 2122 South 17th Street, Philadelphia, and the defendant is the owner of premises 2120 South 17th Street, adjoining the property of the plaintiffs to the north. Owing to the appropriation of part of defendant's ground in connection with the widening of Passyunk Avenue, the defendant's dwelling house was torn down and replaced with a three-story building occupied as a store and dwelling. The new or south party wall erected upon the building line between plaintiffs' and defendant's properties is four and one-half inches on plaintiffs' land, extends farther to the west, and is a story higher than the old wall, and, under the stipulation of facts filed by the parties, has, to some extent, interfered with the light and air on the north side of plaintiffs' property. The yard space left immediately adjoining the premises of defendant on the westward is composed of approximately 32 square feet at a height of one story, and from this area of 32 square feet a balcony immediately adjoining and extending northward comprises an area of approximately 48 square feet. The building was constructed under the inspection and supervision of the Bureau of Building Inspection of Philadelphia, in pursuance of permits issued. There is not left a clear space of 144 square feet as required by the Building Code; but neither the bureau nor the city is complaining of this violation.

Defendant also owns a lot of ground, known as 1710 Passyunk Avenue, which is in the rear of, and separated by an alley from, the 17th Street property. This lot contains an area which, if added to the clear space of the 17th Street property, would amount to well over 144 square feet.

The court held that the structure erected by defendant on the 17th Street lot violated the Act of Assembly of May 1, 1929, P. L. 1063, §§4301-4302 (53 PS §§6232-6233), in not having an open space at least 144 square feet; that the vacant lot, known as 1710 West Passyunk Avenue, in the rear of its 17th Street premises, may not be included in any computation as to the required open space for premises 2120 South 17th Street; that the plaintiffs have not suffered any particular injury at the hands of defendant; that the interference with plaintiffs' light and air is due entirely to the erection of the south party wall by defendant; that there is no authority justifying an order for removal of defendant's building at the request of the plaintiffs, they being private owners; and that the plaintiffs are not entitled to equitable relief or damages.

The plaintiffs at the bar of the court stated that their only object now is to have the party wall reduced to the height of the first story of defendant's house. In their bill, however, they complained that the defendant failed to comply with the Building Code in the erection of the building on his lot, ''in that the required amount of free or open space in the rear of the said property was not being left free, but was being utilized in the erection of the said building in violation of said laws,'' but there was no averment that a party wall had been illegally erected. In a bill in equity every fact essential to the right to the relief prayed for must be averred: Spangler Brewing Co. v. McHenry, 242 Pa. 522, 528, 89 A. 665. The prayer was that the court order the defendant (1) to refrain

from proceeding further with the construction of the building; (2) to remove such portion of the building as has been erected contrary to the law; (3) to make the building conform with the laws; (4) to grant general relief. It was on the averments and answer thereto that the case proceeded to trial, and if the plaintiffs are entitled to relief, it is on the issue raised by the pleadings.

Granting that the Building Code was violated, penalties for non-observance of its provisions are therein prescribed, and it is only to them that this defendant can be subjected; no other remedy is enforceable: Moyer v. Kirby, 14 S. & R. 162, 165. Mr. Justice Simpson, in Wilson v. Blaine, 262 Pa. 367, 370, 105 A. 555, says: "It is also in keeping with the general rule that in matters not in accordance with the course of the common law, no right can be exercised save such as is expressly given by the statute relating thereto." Here, as in LaRossa v. Forte, 92 Pa. Superior Ct. 450, the record shows a prima facie case for the imposing of a penalty if action had been brought in behalf of the city, but as we said there, "We find no authority justifying an order of removal at the request of a private party." In Brice's Appeal, 89 Pa. 85, cited by appellants, the action was instituted by a city building inspector for violation of the Act of April 21, 1855, P. L. 265.

Appellants call our attention also to section 1800 of the Building Code, which provides that the height of the party wall shall not exceed four times the thickness without being laterally supported. But the averments in the bill complained only of the lack of 144 square feet of open space, and there was no testimony that this provision was violated; but if so, we are still confronted with the fact that the code has imposed its own penalty for such a violation. If the party wall were removed to the height desired by the plain-

tiffs, the amount of open space, as contemplated by the statute, in the rear of the defendant's building would not be affected. The compliance with the Building Code, with respect to allowing an open space, would not in any way lessen the alleged nuisance. See Alexander v. Wilkes-Barre Anthracite Coal Co., 254 Pa. 1, 98 A. 794. Nor was there any testimony that the party wall was unlawfully built or that it improperly encroached on plaintiffs' land. The building out further and higher of a party wall was not an illegal act; Jones et al. v. Wyomissing Club et al., 261 Pa. 190, 194, 104 A. 551. In Haverstick v. Sipe, 33 Pa. 368, an action on the case for erecting a fence whereby the windows of the plaintiffs' house were obstructed, the court held that the purchaser of a house in a city is not deprived of the right of changing its form according to his taste, although it may interfere with the light and air of an adjacent property owner. The doctrine of ancient lights is not part of the common law of Pennsylvania: Forepaugh v. Railroad Co., 128 Pa. 217, 228, 18 A. 503. We held in Holmes & Holmes v. P. S. C., 79 Pa. Superior Ct. 381, 390, that even though a construction may interfere with the light and air of an abutting property owner and cause him inconvenience, it is, in the absence of negligence, damnum absque injuria. No legal wrong was committed prior to a statute for enforcing regulations. It is a principle well settled by many adjudicated cases that an action does not lie for the reasonable use of one's property though it may be to the injury of another, unless there is proof of negligence, unskilfulness or malice, which were not present in this case: Penn. R. Co. v. Lippincott, 116 Pa. 472, 482, 9 A. 871; Penn. R. Co. v. Marchant, 119 Pa. 541, 560, 13 A. 690. Of course, if an owner makes some artificial and negligent use of his property, as in Sullivan v. Jones & Laughlin Steel Co., 208 Pa. 540, 57 A. 1065, where

the damage was occasioned by deposits of large quantities of finely powdered iron ore due to "slips" in the defendant's furnaces, another question arises than is here presented. See, also, Elliott Nursery Co. v. Duquesne Light Co., 281 Pa. 166, 126 A. 345.

We have no quarrel with the rule that if the defendant's actions interfered with the plaintiffs' reasonable use and enjoyment of their property, and they are detrimentally affected to a greater degree than others, sustaining a damage peculiar to themselves, a private nuisance exists and the plaintiffs have a remedy: Stokes v. P. R. R. Co., 214 Pa. 415, 63 A. 1028; Wilson v. Blaine, supra. But we think this case does not come within the rule recognized in that line of cases.

After a careful consideration of this entire case, we are of the opinion that the appellants are not entitled to equitable relief.

Order of the court below is affirmed at the cost of appellants.