## Philadelphia Scoop and Scale Manufacturing Company, Appellant, v. Silberman.

Argued Nov. 29, 1944. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and HUGHES, JJ.

*Wesley H. Caldwell*, with him *Arthur F. Schneider* and *Michael Saxe*, for appellant.

*Rodney T. Bonsall*, with him *Evans, Bayard & Frick*, for appellee.

PER CURIAM, January 2, 1945:

Plaintiff filed its bill for a decree requiring defendant, who owns land adjoining plaintiff's land on 5th Street in Philadelphia, to take down the one-story wall erected by defendant within the party wall zone and about one or one and one-half inches from the wall of plaintiff's building. The bill was not filed until after defendant's wall was completed although plaintiff saw it being constructed from day to day. Plaintiff also

claimed damages to the contents of his building alleged to have resulted from rain, snow and ice lodging between the walls of their buildings.

The learned chancellor stated: "The wall erected by defendant was erected partly on a new foundation and partly on the foundation of the plaintiff, due to the fact that the foundation wall of the plaintiff was slightly irregular. The upper portion of the wall was erected five inches over the party line, although the defendant had the right to extend the wall for a further inch and a half. The wall was a solid brick wall, erected in conformity with all the requirements as to a party wall. The fact that it is independent of the plaintiff's wall does not detract from its legality as a party wall. . . . It is true that both walls may suffer by rain, snow and ice seeping between them, but the blame for this situation cannot legally be placed upon defendant. The condition is due to the fact that plaintiff's wall was originally constructed with windows so it could not be used as a party wall, yet was placed so near to the party line as to create a hazard when his neighbor might erect a party wall in conformity with his legal right.

"We can see no injury suffered by plaintiff that entitles him to damages. As the plaintiff's wall was not a party wall, it constituted an encroachment to such an extent, if any, as it extended over the division line. It was not an encroachment for defendant to either remove or use such a portion of the foundation as was necessary in order to construct a true party wall. As to the claim for obstruction to light and air, it has long been the law in Pennsylvania that the erection of a party wall that obstructs windows in an adjoining building does not give a right to damages; *Hazlett v. Powell,* 30 Pa. 293; and the right to maintain windows cannot be acquired by long, continuous, or adverse use; *Milne's Appeal,* 81 Pa. 54. As to the claim for damages for trespass occasioned in the course of the construction of the party wall, such injuries resulting from the proper exercise of

the right to build a party wall are damnum absque injuria: *Jackson v. Rosenbaum Co.,* 263 Pa. 158."

After hearing argument on exceptions, the court in banc decreed that. ". . . the defendant shall within ninety days cause the new party wall erected by him and the old wall on plaintiff's land to be sealed at the top and sides so as to prevent the accumulation of water, snow and ice between the walls, as complained of by the plaintiff." The defendant has not appealed.

Decree affirmed at appellant's costs.