## Commonwealth v. Szaluga et ux.

*S. Knox Harper*, for Commonwealth.

*William F. Cercone*, for defendants.

KENNEDY, J., July 24, 1947.—Defendants, Alex Szaluga and Katherine Szaluga, husband and wife and occupiers of premises at 1210 Olivia Street, McKees Rocks Borough, Allegheny County, Pa., were indicted by the grand jury for violation of the Act of June 22, 1917, P. L. 623, as amended by the Act of May 26, 1939, P. L. 231, sec. 1, 53 PS §§4231 and 4232. Prosecutrix is Eleanor Merta, the owner and occupier of the adjoining property. The fence erected by defendants was on the boundary line at the rear of their house between their property and that of prosecutrix, was made of corrugated iron and was 24 feet long and eight feet two inches high. The jury found defendants guilty in the trial before the late Judge Richardson. Defendants, by counsel, having submitted a point for binding instructions, which was refused, have filed a motion for arrest of judgment, claiming that at least section 2 of the act making violation of same a misdemeanor was unconstitutional. It is the disposition of this motion that is now before us. (A motion for new trial also was filed but same was withdrawn at argument.)

The act involved provides:

"Section 1. It shall be unlawful for the owner or occupant of any improved premises, in any suburban district of a City or Borough (whether the premises

concerned be assessed at Rural, City or Suburban rates), to erect any fence or structure resembling a fence, or to re-erect during the process of repairing any fence previously erected, upon any part of the front yard, lawn or space of said premises, or on or along the boundary line thereof, of a greater height than four feet, if the height in excess of the said four feet is unnecessary, or if the same is maliciously erected, elevated and maintained for the purpose of annoying the owner or occupant of the adjoining premises. Every such fence or structure, so maliciously erected, elevated and maintained in excess of four feet in height shall be deemed and is hereby declared to be, a private nuisance.

"Section 2. Any person or persons erecting and maintaining the fence or structure, described in Section one hereof as unlawful and prohibited shall be deemed guilty of a misdemeanor, and, if convicted thereof, shall be punished by a fine of not less than fifty dollars nor more than two hundred dollars or by imprisonment in the County Jail for not less than thirty days or not more than six months, or by both fine and imprisonment to said respective amount and extent, at the discretion of the trial Judge."

It has been a generally recognized principle of law in Pennsylvania that a nuisance in order to be indictable must be a public nuisance. See Trickett on Criminal Law, vol. 1, page 236. It will be observed from the above quoted act that the erection and maintenance of a so-called "spite" fence is declared to be a private nuisance. Unquestionably this act was passed by the General Assembly based upon the sovereign's inherent police powers. 2 Cooley's Constitutional Limitations (8th Ed.) 1223, states:

"The police of a State, in a comprehensive sense, embraces its whole system of internal regulation by which the State seeks not only to preserve the public order

and to prevent offenses against the State, but also to establish for the intercourse of citizens with citizens those rules of good manners and good neighborhood which are calculated to prevent a conflict of rights, and to insure to each the uninterrupted enjoyment of his own so far as is reasonably consistent with a like enjoyment of rights by others."

16 C. J. S. 582, §199, reads:

"Under the police power, individual rights may be limited and restricted, so as to promote the general welfare, public health, public safety and order, public morals, and to prevent fraud. The police power, however, may not be resorted to as a cloak for the invasion of personal rights guaranteed by the various constitutions. A statute or ordinance which deprives one of his individual rights cannot be sustained under the police power when the regulation does not reasonably come within the scope of the police power."; and section 209:

"The constitutional right to use property may not be curtailed by police regulations based solely upon æsthetic considerations, or enacted because property is repugnant to the sentiments or desires of a particular class residing in the particular neighborhood."

In the case of Commonwealth v. Stofchek, 322 Pa. 513 (1916), the issue was whether the legislature had power under article 1, sec. 1, of the Pennsylvania Constitution to make punishable the possession of liquor not acquired prior to January 1, 1934, or not purchased in a State store as provided by the Liquor Control Board's powers. The court quoted from the constitutional section, which states:

"All men are born equally free and independent and have certain inherent and indefeasible rights, among which are those of enjoying and defending life and liberty, of acquiring, possessing and protecting property and reputation, and pursuing their own happiness"; and then decreed the following (p. 519):

"But the State possesses inherently a broad police power which transcends all other powers of government. There is therefore no unqualified right to acquire, possess, and enjoy property if the exercise of the right is inimical to the fundamental precepts underlying the police power. This Court said in Commonwealth v. Widovich, 295 Pa. 311, 'The police power is the greatest and most powerful attribute of government; upon it the very existence of the State depends. . . . If the exercise of the police power should be in irreconcilable opposition to a constitutional provision or right, the police power would prevail.' "

In the very recent case of Cohen et ux. v. Perrino et ux., 355 Pa. 455, the Supreme Court reversed the lower court, which directed the abatement of a spite fence. In this proceeding the adjoining property owner and occupant to defendants' property in Philadelphia brought a bill in equity for the abatement of a spite wall erected by defendant. The lower court directed that the wall should be removed. The Supreme Court in reversing, declared that Pennsylvania is still a common-law State. The syllabus of that case reads as follows:

"1. An owner of land has a privilege to build thereon a structure which obstructs the light, air and view of an adjoining owner even though it serves no useful purpose and is erected for the sole purpose of annoying the adjoining owner and interfering with his use and enjoyment of his land.

"2. Restatement, Torts, section 829, cited and not followed."

The act involved in this proceeding was not mentioned by the Supreme Court in its opinion, and the only possible reason for ignoring this act that can be conceived of is that the properties in suit were located in urban, as distinguished from suburban Philadelphia. The act here involved is entirely too indefinite

and uncertain to subject an alleged offender of it to the stigma of having committed an indictable offense. It is, further, an example of special legislation. The offense can only be committed in "any suburban district *of* a City or Borough". Webster's International Dictionary defines suburb as follows: "An outlying part of a City or town; a small place *adjacent* to a City; the region on the confines of any City or large town". Applying one of these definitions a suburban district could be in a township of the first class adjacent to a city or borough, yet townships are exempt from the provisions of the act; and again, who is to say what tests are to be applied in determining beyond a reasonable doubt that a fence over four feet high is unnecessary. "One man's meat is another man's poison".

The other States that have by statute declared spite fences unlawful are Massachusetts, California, New York, Kentucky, Maine, Washington, Connecticut, and New Hampshire. In none of these, so far as has been indicated to us, has the law made the act subject to an indictment for the commission of a criminal offense. Massachusetts in 1887 legislated that any fence unnecessarily exceeding six feet in height and maliciously erected or maintained for annoying the owners or occupants of adjoining property should be deemed a private nuisance, and that the owner or occupant injured either in his comfort or enjoyment of his estate by said nuisance would have an action in tort for damages sustained thereby. This statute was declared constitutional in the case of Rideout v. Knox, 148 Mass. 368 (1889) in an opinion by Mr. Justice Holmes, who at that time was sitting on the Supreme Court of Massachusetts. It was pointed out by him (p. 373):

"We are of opinion that the statute thus construed is within the limits of the police power, and is constitutional, so far as it regulates the subsequent erection of fences. To that extent, it simply restrains a noxious

use of the owner's premises, and although the use is not directly injurious to the public at large, there is a public interest to restrain this kind of aggressive annoyance of one neighbor by another, and to mark a definite limit beyond which it is not lawful to go."

Nowhere is an opinion expressed that if the malicious and annoying erection of a spite fence were made a misdemeanor that same would be construed as a reasonable exercise of the inherent police power in the sovereign.

This act before us for construction clearly shows that it is not Statewide, and affecting all of the citizens. Townships and all chartered towns are exempt from the act. The sentence to be inflicted in the event of conviction is a fine or imprisonment, or both. This punishment does not directly effect the remedy the act apparently seeks. Public health, welfare, and safety are not directly jeopardized by the erection of a spite fence. We are not in this opinion undertaking to say that a person maliciously annoyed by the erection of a spite fence in a suburban district of a city or borough would not have an action in equity for abatement of the nuisance, or at law for damages resulting from the commission of an unlawful act in the nature of a private nuisance. Those questions are not before us. The City of Pittsburgh in its zoning ordinance has declared that the erector of a spite fence can be fined unless he removes same, and as is usual in "Fines and Penalties" ordinances, provides for a jail sentence if the fine is not paid. This provision of the ordinance has never yet received judicial treatment so far as we have been able to ascertain. It might be considered a reasonable exercise of police power delegated to the municipality by the sovereign but we don't now so decide. It is our conclusion that for the reasons set forth herein section 2 of the Act of June 22, 1917, P. L. 623, as amended, is unconstitutional, and therefore the motion for arrest of judgment should be granted.