Maioriello *v.* Arlotta, Appellant.

Argued April 18, 1950. Before DREW, C. J., STERN, STEARNE, JONES and BELL, JJ.

reargument refused June 7, 1950.

*Albert S. Oliensis,* with him *H. P. Abramson* and *Albert G. F. Curran,* for appellant.

*Alexander Schamban,* for appellee.

OPINION BY MR. JUSTICE ALLEN M. STEARNE, May 22, 1950:

Plaintiff and defendant are adjoining property owners. 902 South 8th Street, Philadelphia, is owned by plaintiff, while the adjoining premises, 900 South 8th Street, are owned by defendant. Defendant's premises are L-shaped, with the rear lot or yard abutting plaintiff's premises. The west brick wall of plaintiff's kitchen is built on the rear property line. The wall has windows overlooking defendant's lot. Plaintiff's building, occupying the entire lot, consists of two rooms on the first floor. The front room is used as a barber shop. The rear room, with its windows overlooking defendant's yard, constitutes the kitchen. Defendant erected a ten foot high concrete wall, *entirely upon her own land,* three inches from the party line and defendant's kitchen. The effect is to obstruct and block off plaintiff's kitchen windows and prevent the free passage of light and air into same. Plaintiff instituted the present action in equity to restrain defendant from obstructing such light and air. The learned Chancellor decreed that the height of the wall be reduced from ten feet to six feet. This appeal followed.

The facts of the present case are closely analogous to those in *Cohen et ux. v. Perrino et ux.,* 355 Pa. 455, 50 A. 2d 348, wherein this Court decided that an owner has the privilege of building, upon his own land, a structure which obstructs the light, air and view of an adjoining owner, even though such structure serves no useful purpose and is erected solely to annoy the adjoining owner and interfere with the use and enjoyment of his land. It was decided that when a wall is on the property line, windows in the wall give no easement of light and air.

The learned court below decided that because title to *both* premises had become vested in the same individual in 1916, and subsequently such owner conveyed the two properties separately, the grantor thereby created an easement of light and air, *by implication, because of necessity.* Great reliance was placed upon a decision of this Court in *Rennyson's Appeal,* 94 Pa. 147.

In Pennsylvania an easement to light and air cannot be acquired by *prescription: Hazlett et al. v. Powell et al.,* 30 Pa. 293; *Haverstick v. Sipe,* 33 Pa. 368; *Rennyson's Appeal,* supra; *Philadelphia Scoop and Scale Manufacturing Company v. Silberman,* 351 Pa. 154, 155, 40 A. 2d 395. The doctrine of *ancient lights* is not part of the law of this Commonwealth: *Rennyson's Appeal,* supra; *Beckershoff et ux. v. Bomba,* 112 Pa. Superior Ct. 294, 170 A. 449. But an easement to light and air may be acquired, as with any other easement, by express grant: *Rennyson's Appeal,* supra.

This Court early stated that an easement to light and air may be implied because of necessity: *Rennyson's Appeal,* supra. However, no case has been cited, and our research has revealed none, wherein such an implied easement has been decreed. Chief Justice LOWRIE, in *Haverstick v. Sipe,* supra, said, p. 371: "We would not say that there can be no possible case in which such an implication can arise. . . ."

The existence of an easement presupposes a dominant and servient tenement. Where both dominant and servient tenements were at one time held in common ownership, it becomes necessary to ascertain the *time* of the severance of the titles. In order that the defendant's lot should become servient to plaintiff's, the plaintiff must have acquired the servitude *before the defendant bought.* Then and only then would the defendant take title to his lot charged with the servitude. Where, however, both lots were conveyed by the vendor at the same

time, it would be impossible to imply that the vendor was making one servient to the other. In *Maynard v. Esher*, 17 Pa. 222, Justice Lowrie said, p. 226: "The principle assumed is, that the vendor grants an easement by implication, because the house, as it exists, demands the easement, and he has power to grant it. On the principle, therefore, the easement cannot be implied, unless, at the time of the sale, the vendor owned the adjoining lot. Hence the importance of the time in these two sales; . . ." and p. 227: "To imply such a grant, the plaintiff's purchase must have been prior to, and not simultaneous with the defendant's. In order that the defendant's lot should become servient to the plaintiff's, the plaintiff must have acquired the servitude before the defendant bought, and then only would the defendant take his lot charged with the servitude. Where both lots are passing out of the vendor at the same instant, it is impossible to imply that he is making one servient to the other; . . ."

There is no evidence in the present case to prove when and to whom transfers of title were made by the common owner; nor does the testimony reveal when, by whom or how the dwellings were erected on the premises; or whether the existing physical situation is the same as it was at the date of such transfers. There is nothing to reveal in what manner, if at all, the vacant lot became the servient tenement.

But even if an easement of light and air would be *implied* in circumstances which reveal an *absolute necessity*, the finding of the learned Chancellor was that while a small amount of light and air was admitted into the kitchen, it was insufficient for the reasonable comfort, enjoyment and health of the plaintiff. This would constitute but a *partial* obstruction of light and air. But it was testified that a skylight can be placed in the ceiling of the kitchen, which would supply an ample amount

of light and air. As it clearly appears that there exists no *absolute necessity,* no implied easement of light and air can be decreed.

Decree reversed and bill dismissed. Each party to pay her own costs.