## Aquilani et ux. v. Daub et al.

*Robert W. Honeyman*, for plaintiffs.

*Wright, Mauck, Hawes & Spencer*, for defendants.

DANNEHOWER, J., December 4, 1952.—The preliminary objections raise the sufficiency of plaintiffs' complaint, alleging that no cause of action was therein stated.

The facts set forth in the complaint are as follows: Plaintiffs and defendants Daub are the owners of adjacent real estate in the Borough of Norristown; defendants Daub caused and permitted a contractor, Frank R. Heavner (now deceased) and represented by his executors, who are the other defendants, to raze the easterly wall on the Daub property, which was contiguous to the westerly wall of plaintiffs' property; that as a result of the negligence of defendants plaintiffs' exposed wall was not waterproofed and injuries were thereby sustained to the exterior wall and to the interior of the building by seepage through the exterior wall; that defendants Daub caused Heavner to construct an eight-inch two-story brick wall on the Daub property adjacent to plaintiffs' three-story wall and

which was negligently constructed in that the wall was not tied in with that of plaintiffs and flashed, so that rain, snow, and ice seeped into the aperture between the walls, damaging plaintiffs' wall and interior by seepage.

The existence of a cause of action is dependent upon what rights and liabilities inure to the owners of adjacent real property with respect to contiguous division walls.

We have assumed that the westerly wall of plaintiffs and the easterly wall of defendants are division walls, as they come within the customary definition: "where . . . , the wall is built on the land of the owner without the intention to give to it the quality of a party wall it is a division wall": 47 C. J. 1324: Benner v. Pollard, 53 Pa. Superior Ct. 227 (1913).

It is conceded that both walls here involved are situated entirely upon the land of its respective owner. There were no indications that party wall qualities were intended.

There is a surprising dearth of specific judicial expression upon the responsibilities of division wall ownership. The myriad of cases arising from ownership of adjoining buildings are generally resolved upon party wall principles. Thompson v. DeLong, 267 Pa. 212 (1920), has long been regarded as a leading authority in the field. There a three-story building was removed, thereby exposing the wall of the house standing on the neighboring property. Defendant then built a new wall two stories in height on his own property and adjoining the old wall. The claim was inter alia for damages (due to seepage) arising out of the neglect to protect the exposed wall or to place flashing between it and the new wall. A verdict was returned in favor of plaintiff. Defendant was granted a new trial because of what the Supreme Court described as error in affirming plaintiffs' point for charge, that plaintiff

was under no duty to protect his exposed wall. The effect of such an instruction was to assume negligence or that there was a custom in the trade, which were both for the jury.

In Philadelphia Scoop and Scale Manufacturing Company v. Silberman, 351 Pa. 154 (1945) cited by defendants, there were involved two walls in the party wall zone. Plaintiff brought that bill in equity asking for removal of a new wall erected one and one half inches from the old wall and damages for the spoiling of the contents of building resulting from seepage of rain, snow and ice lodged between the walls. The court said that damages occasioned in the course of construction upon proper exercise of right to build a party wall were damnum absque injuria. However, the lower court en banc ordered defendant to seal the walls at the top and sides so as to prevent water accumulations.

Another party wall crisis was resolved in Cronin v. Dougherty, 100 Pa. Superior Ct. 463 (1930), where a defendant removed his building and left a wall standing that offended the building inspector. The city, through the building inspector, ordered plaintiff, who owned the remaining building, to close up an opening in the wall at the third-story level. Plaintiff averred that the opening could not be satisfactorily closed without a rebuilding of the entire wall. It was determined that the duty of complying with the order was upon plaintiff alone, since defendant, without prejudice, could take down his building without liability to the adjoiner.

The leading party wall authority, Jackman v. Rosenbaum Co., 263 Pa. 158 (1919), where the rights of adjoining wall owners are described, expressly excluded negligence. At page 177 it is said:

". . . in that country (in the absence of negligence or delay) the building-owner . . . is not responsible to his neighbor for consequential damages."

Again at page 179:

". . . two Pennsylvania cases that in any manner directly discuss the question of an adjoining owner's right, in the absence of negligence."

Summarizing the above leads to the conclusion that an owner of a division wall is free to remove his wall and erect another in its place, having at least the same freedom as a party wall owner. However, in doing so he may not proceed so negligently as to injure his adjoining neighbor. In Thompson v. DeLong, supra, where the facts are closely parallel, whether there was negligence in the following was left to the jury's discretion: (1) Negligence not to tie in an adjacent wall and flash jointure; (2) exposing the wall without waterproofing the same. Since no reversal of the Thompson v. DeLong principle has been shown, the things of which plaintiffs complain must be considered sufficient allegation of negligence to support a cause of action. It should be stated that, while there is no absolute right to have walls waterproofed or jointure made and flashed and that an owner may proceed at his pleasure, whether these things constitute negligence, either because there is a custom in the area or that there would be a duty to do these things under the circumstances of the case, must be left to the jury.

Cohen et ux. v. Perrino et ux., 355 Pa. 455 (1947), cited by defendants concerns the immunity of spite walls built on a defendant's property from judicial destruction and stands apart from an action of trespass brought for negligence.

## Order

And now, December 4, 1952, defendants' preliminary objections are overruled, with leave to defendants to file an answer within 20 days from the date hereof.