ANNA PAUL et al., Plaintiffs, *v.* CARMINE CATANI et al., Defendants.

Supreme Court, Special Term, Kings County, November 17, 1966.

*Louis Rothbard* for plaintiffs. *Jacques Weiss* for defendants.

JACOB J. SCHWARTZWALD, J. The case was tried by the court without a jury. The defendants are the owners of premises situate and known as 2182 East 4th Street, Brooklyn, which premises adjoin and are to the south of the premises owned by the plaintiffs. For many years there was a fence dividing the premises, first a wooden picket fence which is denied by the

defendants, and thereafter, admittedly, a wire or cyclone fence. The plaintiffs are the owners of premises 2176 East 4th Street, upon which they legally operated a beauty parlor. They also converted what was a one-family dwelling into a two-family house by building an apartment in the basement three or four steps down from the street level with entrance and windows facing the property of the defendants. The said apartment was constructed with the approval of the authorities.

The defendants built a cement wall fence, approximately 6 feet high, 15 feet long and about a foot wide, entirely on their own property. The plaintiffs do not claim any rights by easement, prescription, grant or statute. The cause is based upon the fence being a private nuisance. The plaintiffs have upon their land a garage at the rear end of the driveway and about in line with the wall erected by the defendants.

It is the plaintiffs' claim that the fence erected by the defendants was built " in spite "; that prior to the erection thereof the plaintiffs had a view of all of the gardens to the rear of the properties on East 4th Street and that the light, air and view from the basement apartment was obstructed by the said fence. The defendants claim that because of the presence of a large German shepherd dog, notice thereof being shown by sign on plaintiffs' Exhibit 10, and because of the coming and going of persons who frequented the beauty parlor of the plaintiffs their privacy was interfered with and they were not receiving the full enjoyment of their property. The record also disclosed that the plaintiffs, in enclosing additional 40 feet of their property, built walls of a similar nature and material to the side and rear of their property and also built a garage at the front of a portion of the said 40 feet.

The plaintiffs obtained a temporary injunction restraining the defendants from proceeding with the erection of the wall and now seek the making of the said injunction permanent, the removal of the wall and other relief.

The court can find no violation of any legal right of the plaintiffs by the actions of the defendants. The English rule in regard to ancient lights has been repudiated in this State and generally throughout the country except where provided for by statute. Section 843 of the Real Property Actions and Proceedings Law provides that a fence which shall exceed 10 feet in height shall be considered a private nuisance. However, the facts here indicate the fence was 6 feet high and not in violation of said section.

One of the early cases on this question, *Levy* v. *Brothers* (4 Misc. 48) uses the following language: "The acts complained of are not, within a legal sense, the use by the defendants of their

property to the injury of another, for no one, legally speaking, is injured or damnified unless some legal right of his has been infringed.'' (p. 49.) '' It will not do for a man to build to the extreme end of his lot, and then complain because his rear neighbor, in exercising the same privilege, has cut off the light, air or prospect he formerly enjoyed. He should not rely upon the generosity of his neighbor, and must depend upon himself by reserving space enough on his own land for all his requirements, light, air and vision included. These elements form valuable easements, to be acquired only by grant or prescription.'' (p. 50.) '' The rule is certainly an equitable one, and in harmony with the principle that a man may do what he pleases with his own, so long as he does not infringe upon some right or title of another.'' (p. 50.) In a case on all fours in a foreign jurisdiction, *Giller* v. *West* (162 Ind. 17, 20–21) the court said: '' The latter had no easement of light, air or view in or over the appellant's lots, and she had no legal cause for complaint if these were interfered with or entirely shut off by the erection of a fence, house or other building.'' Also *Stroup* v. *Rauschelbach* (217 Mo. App. 236, 240), page 347: '' No action can be maintained by one property owner against another for cutting off his *view,* unless a statute confers such right. [19 Am. & Eng. Ency. of Law (2d Ed.), p. 121.] ''

The court finds as a fact that the defendants acted in good faith in erecting the fence in order to protect their privacy from the incursions of the dog and from the annoyance of the patrons of the beauty parlor. The record discloses, and as is shown on plaintiffs' Exhibit 8, that even with the wall up, there is sufficient space between it and the basement apartment to allow for light and air. Exhibits 3, 8 and 9 introduced by the plaintiffs, which are pictures of the condition after the erection of the fence, speak louder than words in proving that the plaintiffs suffered no damage or violation of any right. Therefore, the defendants shall have judgment dismissing the complaint and vacating the temporary injunction without costs. The plaintiffs' recourse for what they allege to be a violation of the order of Mr. Justice Morrissey is for contempt proceedings against the defendants and not a matter to be decided in this action.

The court has read the cases cited by the plaintiffs in their reply brief and distinguishes these on the ground that they are based upon statutes or actual encroachments. Regarding the philosophy of the law set forth in plaintiffs' trial brief, and as appears in the work '' The Nature of the Judicial Process,'' the court is of the opinion that while we are in a changing world and that our law is flexible and subject to reform, that it in nowise

changes the basic principles of law and equity involved in this case.

The question of the restoration of the cyclone fence and curbing to the condition existing before the defendants erected the wall is not passed upon, there being no proof as to the cost of such restoration or repair, and can well be handled in the lower law court.